HAMILTON, Circuit Judge,
concurring in the judgment:
I concur in the court’s judgment. I write further only to emphasize that on remand, in addition to examining the subjective component of Williams’ Eighth amendment claim based on his eight-hour confinement in light of a fully developed record, the district court is free to examine two additional issues not raised by the defendants: (1) whether Williams satisfied the objective component of his Eighth Amendment claim, and (2) whether the defendants are entitled to qualified immunity on this claim.
With respect to the first issue, in Norman v. Taylor, this court, sitting en banc, held that “absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis.” 25 F.3d 1259, 1263 (4th Cir.1994), cert. denied, - U.S. -, 115 S.Ct. 909, 130 L.Ed.2d 791 (1995). Extraordinary circumstances are present when “the force used ... [is] ... of a sort repugnant to the conscience of mankind ... or the pain itself [is] such that it can properly be said to constitute more than de minimis injury.” Id. at 1263 n. 4 (citations and internal quotation marks omitted).
In this case, the record is crystal clear that Williams suffered no injury from the defendants’ actions. In particular, Williams’ affidavit does not contradict the prison clinic’s notes that he was “OK” after he was released from the four-point restraints. (J.A. 61). Further, Williams did not report back to the prison clinic until some two weeks after the incident, and his visit was for an unrelated reason. (J.A. 61). Therefore, because Williams suffered no injury, to prevail on his Eighth Amendment claim, he must show “that either the force used ... [was] ... of a sort repugnant to the conscience of mankind ... or the pain itself [was] such that it can properly be said to constitute more than de minimis injury.” Norman, 25 F.3d at 1263 n. 4 (citations and internal quotation marks omitted).
The absence of briefing, argument, and a factual record bearing on the issue of whether this case meets the extraordinary circumstances exception recognized in Norman makes the objective component issue too difficult to resolve at this point. In any event, the issue is not properly before the court because the defendants’ sole basis for seeking summary judgment was that Williams failed to establish the subjective component. See Jones v. Owens-Corning Fiberglas Corp., 69 F.3d 712, 719 n. 7 (4th Cir.1995) (“ ‘When a party moves for summary judgment on ground A, his opponent is not re *771 quired to respond to ground B — a ground the movant might have presented but did not[.]’ ”) (quoting Malhotra v. Cotter & Co., 885 F.2d 1305, 1310 (7th Cir.1989)). But, of course, the defendants’ failure to raise this ground below does not preclude them from raising it on remand. If the record is fully developed on this issue on remand, it may well be that summary judgment is appropriate on the basis that Williams failed to establish the objective component.[1]
As to the second issue, the question is whether, at the time of the defendants’ actions, their conduct violated “clearly established statutory or constitutional rights of which a reasonable person would have known.” Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). In light of the line of authority upholding the application of four-point restraints for extended periods of time, see, e.g., Williams v. Burton, 943 F.2d 1572, 1576 (11th Cir.1991) (upholding the use of four-point restraints for a period of twenty-eight and a half hours), cert. denied, 505 U.S. 1208, 112 S.Ct. 3002, 120 L.Ed.2d 877 (1992), it may well be that a reasonable officer would not have known that the defendants’ actions would violate Williams’ Eighth Amendment rights. But, for some reason, the defendants — as with the objective component issue — have not placed the defense of qualified immunity before the court, and of course, the district court will be free to visit this issue on remand should it arise.[2]

. Contrary to the court's suggestion, the record docs not reflect that the defendants "conccde[d]" the existence of a material issue of genuine fact as to the objective component, see ante at 762-763; rather, the record reflects that the issue— for whatever reason — was never raised in the district court. From such facts, one cannot draw the conclusion that the issue was conceded, especially since Norman was decided after the defendants moved for summary judgment and no hearing was held on the motion. In any event, my comments here should not be construed as expressing an opinion as to the merits of whether Williams can satisfy the objective component.

. As with the objective component, I express no opinion as to the merits of the defendants' defense of qualified immunity.